## APPEAL OF REUBEN SADOWSKY.

Docket No. 2965.   Submitted June 5, 1925.   Decided July 10, 1925.

An individual who incorporated his business prior to July 1, 1919, and elected under section 330 of the Revenue Act of 1918 to have the tax on the income from the business from January 1, 1919, to date of incorporation (June 26, 1919), computed at corporation rates, is not entitled, in arriving at the net income which shall afford the basis for computing the 15 per cent limitation upon charitable contributions contained in section 214 (a) (11), to include the net income from the business from January 1, 1919, to date of incorporation.

*Louis Salant, Esq.*, for the taxpayer.
*Lee I. Park, Esq.*, for the Commissioner.

Before JAMES, LITTLETON, SMITH, and TRUSSELL.

This is an appeal from a determination by the Commissioner of a deficiency in individual income tax for the calendar year 1919 in the amount of $8,479.06. The taxpayer elected under section 330 of the Revenue Act of 1918 to have the tax upon the income from his business from January 1, 1919, to June 26, 1919, the date on which the business was incorporated, computed at the rates applicable to corporations, the tax so computed amounting to $115,413.60. This tax is not in controversy. In computing the tax of $8,479.06 upon the net income of taxpayer, amounting to $65,874.81, from sources other than his business, at rates applicable to individuals, the Commissioner, in determining the amount of charitable contributions which the taxpayer might deduct for the calendar year 1919, excluded from the taxpayer's net income taxable at the rates imposed upon the net income of individuals, the net income from the business of $347,981.44.

### FINDINGS OF FACT.

For a number of years prior to 1919 taxpayer was engaged in the manufacture of ladies' cloaks and suits, a business in which capital was a material income-producing factor. On June 26, 1919, the business was incorporated under the name of R. Sadowsky, Inc. In com-

puting his tax he elected to exercise the option granted him by the second paragraph of section 330 of the Revenue Act of 1918 to have the tax upon the net income from the business computed at the rates applicable to corporations. The net income from the cloak and suit manufacturing business for the period January 1 to June 26, 1919, was $347,981.44, upon which a tax of $115,413.60 was computed at corporation rates. This tax is not in controversy.

The income of the taxpayer for the calendar year 1919 from sources other than the manufacturing business, and taxable at the rates imposed upon individuals, was $65,874.81.

During the calendar year 1919 taxpayer made contributions, amounting to $29,950, to corporations organized and operated exclusively for religious, charitable, scientific, and educational purposes or for the prevention of cruelty to children and animals, no part of the net earnings of which inured to the benefit of any private stockholder or individual.

In computing taxpayer's individual income taxes for the calendar year 1919 the Commissioner limited the allowable deduction for charitable contributions to 15 per cent of $65,874.81, the taxpayer's net income derived from sources other than the business, allowing thereby a deduction for charitable contributions of only $9,922.55.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

LITTLETON: The issue presented by this appeal concerns the question of whether an individual carrying on a manufacturing business and an individual, incorporating the business on June 26, 1919, and electing to be taxed as a corporation in respect of profits from the business from January 1, 1919, to the date of incorporation (June 26, 1919), is entitled to include the profits of the business for such period in computing the net income of the individual for the calendar year 1919 which shall afford the basis for computing the 15 per cent limitation on charitable contributions provided by section 214 (a) (11) of the Revenue Act of 1918.

The facts are admitted. The taxpayer was a manufacturer of ladies' cloaks and suits and conducted his business as an individual from January 1, 1919, to the date of incorporation (June 26, 1919). The net income of the business for such period was $347,981.44. The net income of the taxpayer for the year 1919, exclusive of any part of the $347,981.44 profits of the business and exclusive of charitable contributions, was $65,874.81. During the year 1919 the taxpayer made charitable contributions amounting to $29,950 and has claimed

the deduction of such amount from the gross income shown on his individual return. The Commissioner has held, however, that the taxpayer is entitled to a deduction for charitable contributions not to exceed 15 per cent of the net income shown by the return without the deduction of the charitable contributions, namely, $65,874.81.

In support of his contention taxpayer claims that there is nothing in section 330 which expressly modifies or limits sections 212 (a), 213, and 214 (a) (11), but that the specific provision of section 330 that the taxpayer should pay the capital stock tax as a condition to availing himself of the option contained in that section, and the further specific provision that any amounts distributed to the individual on or after January 1, 1918, from the earnings of the business should be taxed to the individual as dividends, were intended by necessary implication to mean that the individual should not be subjected to any other burden, or to the forfeiture of any other right, such as the right to avail himself in full of section 214 (a) (11); and that the net income from the business should be included, and not excluded, in computing his net income for the calendar year upon which the 15 per cent deduction should be figured under section 214 (a) (11)—*expressio unius est exclusio alterius.*

The Commissioner, however, contends that, when the taxpayer elected to have the tax upon the net income from the business computed at the rates applicable to corporations, the law did not permit the inclusion of that income in the income of the taxpayer from other sources for the purpose of determining the amount allowable as a deduction for charitable contributions.

Section 212 (a) of the Revenue Act of 1918 provides:

That in the case of an individual the term "net income" means the gross income as defined in section 213, less the deductions allowed by section 214.

Section 213 of the Act defines what shall be included in gross income and section 214 provides the deductions that may be made from the gross income in computing the net income. Paragraph (11) of the latter section provides for the deduction of certain charitable and other contributions "to an amount not in excess of 15 per centum of the taxpayer's net income as computed without the benefit of this paragraph."

Section 330 provides, in part:

* * * In the case of the organization as a corporation before July 1, 1919, of any trade or business in which capital is a material income-producing factor and which was previously owned by a partnership or individual, the net income of such trade or business from January 1, 1918, to the date of such reorganization may at the option of the individual or partnership be taxed as the net income of a corporation is taxed under Titles II and III; in which event the net income and invested capital of such trade or business shall be computed as if such corporation had been in existence on and after January 1, 1918, and the

undistributed profits or earnings of such trade or business shall not be subject to the surtax imposed in section 211, but amounts distributed on or after January 1, 1918, from the earnings of such trade or business shall be taxed to the recipients as dividends, and all the provisions of Titles II and III relating to corporations shall so far as practicable apply to such trade or business: *Provided*, That this paragraph shall not apply to any trade or business the net income of which for the taxable year 1918 was less than 20 per centum of its invested capital for such year: *Provided further*, That any taxpayer who takes advantage of this paragraph shall pay the tax imposed by section 1000 of this Act and by the first subdivision of section 407 of the Revenue Act of 1916, as if such taxpayer had been a corporation on and after January 1, 1918, with a capital stock having no par value. * * *

If the taxpayer had not incorporated his business on June 26, 1919, there is no question but that he would have been required to account in his individual return for the profits from his business. In such event he would have paid the normal income and surtaxes imposed upon individuals in respect of his entire net income computed in the manner outlined by sections 212, 213, and 214 of the Act. Section 330 of the Act gives him the privilege, however, of being taxed as a corporation in respect of the net income of his business. The net income of that business is determined in the manner outlined in sections 232, 233, and 234 of the taxing act. The deductions from gross income to which he became entitled when he elected to be taxed as a corporation in respect of the net income from his business are different in several respects from the deductions allowed individuals in respect of the net income from a business.

Section 330 provides that " all the provisions of Titles II and III relating to corporations shall so far as practicable apply to such trade or business." In the instant case the taxpayer was not taxed as an individual in respect of the profits from his business for the period January 1, 1919, to June 25, 1919, inclusive. The profits of the business were not included in the gross income upon which the taxpayer paid a normal income and surtax. They were not included as a part of the gross income of the individual under section 213 of the Act.

Under the provisions of the taxing act, the taxpayer had an option to elect whether he would be taxed as an individual in respect of the profits from his business for the period January 1 to June 25, 1919, inclusive, or as a corporation. He exercised the option given him by section 330 and elected to be taxed as a corporation in respect of the profits. Those profits do not constitute a part of his individual net income for the year 1919.

We think that the Commissioner was correct in limiting the amount of charitable contributions deductible from the taxpayer's gross income for the year 1919 by limiting that amount to 15 per cent of the net income shown by his individual return before the deduction of the charitable contributions in question.