ARTEMAS WARD, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 32473. Promulgated January 9, 1931.

*Laurence Graves, Esq.*, for the petitioner.
*W. Frank Gibbs, Esq.*, for the respondent.

OPINION.

ARUNDELL: The single issue before us is whether where an individual takes advantage of the provisions of section 229 of the 1921 Act, set forth in full below, the tax computed on the 1921 income of the individual from the business organized as a corporation may be · assessed against the corporation or must be assessed against the individual:

SEC. 229. That in the case of the organization as a corporation within four months after the passage of this act of any trade or business in which capital is a material income-producing factor, and which was previously owned by a partnership or individual, the net income of such trade or business from January 1, 1921, to the date of such organization may at the option of the individual or partnership be taxed as the net income of a corporation is taxed under Titles II and III; in which event the net income and invested capital of such trade or business shall be computed as if such corporation had been in existence on and after January 1, 1921, and the undistributed profits or earnings of such trade shall not be subject to the surtaxes imposed in section 211, but amounts distributed on and after January 1, 1921, from the earnings or profits of such trade or business accumulated after December 31, 1920, shall be taxed to the recipients as dividends; and all the provisions of Titles II and III relating to corporations shall so far as practicable apply to such trade or business: *Provided*, That this section shall not apply to any trade or business, the net income of which for the taxable year 1921 was less than 20 per centum of its invested capital for such year: *Provided further*, That any taxpayer who takes advantage of this section shall pay the tax imposed by section 1000 of the Revenue Act of 1918 as if such taxpayer had been a corporation on and after January 1, 1921.

The decision turns upon a construction of the statute. Exclusive of the conditions an individual or partnership must meet to obtain the benefits of the law, about which no question is being made, the statute provides, in effect, that where a trade or business of an individual or a partnership is incorporated within four months after the passage of the Act, the net income of such trade or business from January 1, 1921, to the date of incorporation, may, at the option of the individual or partnership, be taxed as the net income of a corporation is taxed. There is nothing in the statute relieving the individual of his liability for the tax after it has been determined in the manner provided for therein, or indicating an intention that the tax should be imposed upon the corporation organized to take over the business of the individual. Had Congress intended to make the newly formed corporation, rather than the individual, liable for the tax on the income of the business from January 1, 1921, to

the date of its organization, it certainly would not have limited the application of Titles II and III of the 1921 Act in the calculation of the tax, or required the individual exercising the option to pay the capital-stock tax imposed by section 1000.

In introducing the provisions of section 229 as amendment 354 to H. R. 8245, which was subsequently enacted as the Revenue Act of 1921, Senator Frelinghuysen remarked on the floor of the Senate:

Mr. President, this simply provides that where a partnership or business desires to incorporate, and does so within four months after the passage of this Act, they shall be taxed as to net income as if the corporation had been in existence on January 1, 1921; that is, they shall be taxed as a corporation and not as a partnership or incorporated [unincorporated] business.

The belief of the conferees of the House of Representatives on the pending bill, that the proposed provision operated so as to continue the liability of the individual for the tax, is clearly shown by their report of the conference had with representatives of the Senate on the bill, in which the following appears:

The amendment grants to individuals and partnerships the privilege, if exercised within four months after the passage of this act, of organizing their trade or business as a corporation and paying taxes as if the corporation had been in existence from January 1, 1921, to the date of organization. (No. 486, page 32.)

These excerpts from the proceedings of Congress on the Act show legislative intention to preserve the liability of the individual for the tax rather than to impose it upon the corporation organized to take over the trade or business.

The action of the respondent in proposing to assess against the petitioner the tax on the income derived by Artemas Ward in 1921 from the business taken over by the corporation appears to be directly contrary to his regulations and the position he took in other cases.    Article 933, Regulations 45; I. T. 1857, C. B. II-2, 193; A. R. R. 6745, C. B. III-1, 404; *James B. Clark*, 12 B. T. A. 615 (Non-acquiescence, C. B. VIII-2); *Reuben Sadowsky*, 2 B. T. A. 281; *Sadowsky* v. *Anderson*, 25 Fed. (2d) 1014, and 29 Fed. (2d) 677.   In A. R. R. 6745, *supra*, in interpreting section 330 of the 1918 Act, which, in respect to the question involved here, does not materially differ from section 229 of the 1921 Act, the individual exercising the option granted by the statute was expressly held to be liable for the tax calculated on the income of his business from January 1, 1919, to the date of organization of the corporation.

The respondent contends that, as Artemas Ward elected under section 229 to be taxed as a corporation and petitioner corporation in fact returned the income of Artemas Ward, the individual, as its own, and the tax liability of petitioner and its affiliated corporations was determined on the basis of such return, petitioner should be

estopped to deny that the income is its own.   We agree that the stipulated facts on their face indicate that Artemas Ward, the individual, was materially benefited by respondent's determination, which permitted losses sustained by various corporations entirely owned by Ward to be offset against the income in question.   We know of no way, however, whereby petitioner may be compelled to report and pay a tax on income it did not in fact receive, or, how it can now be estopped from showing what the true facts are.   Ward is dead and the ownership of petitioner has passed to others.   We think respondent's contention as a matter of law is without merit.

The case of *James B. Clark, supra,* is hereby overruled in so far as it is contrary to the conclusion reached herein.

Reviewed by the Board.

*Decision will be entered for the petitioner.*